IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| SANDRA K. CAUDILL, | ) Civil Action No. 3:10-2291-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA CRIMINAL JUSTICE ACADEMY; AND MICHAEL LANIER AND RANDY KING, IN THEIR INDIVIDUAL CAPACITIES, | ) ) ) ) |
| Defendants. | ) ) |

Plaintiff, Sandra K. Caudill, filed this action on September 1, 2010. She alleges claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA").[1] Additionally, she alleges a claim under South Carolina law for civil conspiracy. Defendants are the South Carolina Criminal Justice Academy ("Academy"), Michael Lanier, and Randy King. On November 19, 2010, Defendants filed a motion to dismiss Plaintiff's first and second causes of action. Plaintiff filed a memorandum in opposition and motion to strike. At a hearing held May 18, 2011, the undersigned directed that the motion to dismiss be amended to a motion pursuant to Rule 12(c)(Motion for Judgment on the Pleadings) and that Plaintiff file a supplemental response to the motion by June 6, 2011. Plaintiff filed an amended memorandum in opposition on June 6, 2011, as well as a motion to amend the complaint. Defendants filed a reply on June 8, 2011.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

## STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

A Rule 12(c) motion for judgment on the pleadings should be decided under the same standard as a Rule 12(b)(6) motion. Burbach Broadcasting Co. v. Elkins Radio, 278 F.3d 401, 405 (4th Cir. 2002). When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## DISCUSSION

Defendants contend that Plaintiff's first and second causes of action should be dismissed because these claims are barred by state sovereign immunity. Although Plaintiff opposes dismissal of her ADA claims, she has presented nothing in support of her argument. She merely states:

> Plaintiff filed her cause of action for violation of the American's [sic] with Disabilities Act ("ADA") against Defendant Academy for failure to provide

2

> reasonable accommodations to her during and after her treatment for cancer and herein asserts that such claim should be allowed to proceed.

Doc. 33 at 2.

In her first cause of action, Plaintiff alleges that the Academy failed to provide her with requested accommodations (to allow her to work from home) to perform her job. Thus, she appears to have brought her claims under Title I[2] of the ADA. Plaintiff admits that the Academy is an agency of the State of South Carolina. See Complaint at 1. The Supreme Court has held that the Eleventh Amendment bars private suits against states and their agencies[3] for monetary damages[4] under Title I of the ADA. Board of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 360 (2001). In Garrett, the Supreme Court found that, in enacting Title I of the ADA, Congress did not abrogate sovereign immunity pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment. Id. at 368-372. Thus, it is recommended that Defendants' motion for judgment on the pleadings be granted as to Plaintiff's first cause of action.

In her second cause of action, Plaintiff alleges that the Academy retaliated against her in violation of Title VII and the ADA. Defendants appear to argue that Plaintiff's retaliation claims are predicated on a violation of Title I of the ADA and thus are barred by sovereign immunity. Plaintiff argues that her second cause of action should not be dismissed because Defendants have not addressed her claims of retaliation in violation of Title VII.

---

[2]Title I of the ADA prohibits discrimination against disabled individuals as to employment (42 U.S.C. §§ 12111-12117), and Title II of the ADA prohibits discrimination against disabled individuals as to public services (42 U.S.C. §§ 12131-12165). See PGA Tour, Inc. v. Martin, 532 U.S. 661, 675 (2001).

[3]Plaintiff only brought his ADA claims against the Academy and not against the individual Defendants.

[4]Plaintiff has only requested monetary damages.

3

Neither the Supreme Court of the United States or the Fourth Circuit Court of Appeals has addressed whether sovereign immunity is abrogated in ADA Title V[5] (retaliation) claims. The Ninth Circuit, in Demshki v. Monteith, 255 F.3d 986 (9th Cir. 2001), found that the defendant was entitled to Eleventh Amendment immunity as to the plaintiff's ADA retaliation claim, concluding that the Supreme Court's holding in Garrett "necessarily applies to [retaliation] claims brought under Title V [when] the claims are predicated on alleged violations of Title I." Id. at 988. Other courts have also found that Title V claims predicated on a violation of Title I are barred by state sovereign immunity. See, e.g., Chiesa v. N.Y. State Dep't of Labor, 638 F.Supp.2d 316, 323 (N.D.N.Y. 2009)(affirming state's sovereign immunity to ADA retaliation claim); Adams v. Auditor of the State of Ohio, 2002 WL 31947784 at *3 (N.D. Ohio 2002)(holding "that the state of Ohio is immune from suits under section V of the ADA, because Congress did not abrogate the states' Eleventh Amendment immunity with its passage."). District courts in the Fourth Circuit, noting the analysis in Demshki, have found that sovereign immunity was abrogated where a plaintiff alleged a retaliation claim that was predicated on an alleged violation of Title II. See Demby v. Md. Dep't of Health & Mental Hygiene, No. 06-1816, 2009 WL 415265, at *1 (D.Md. Feb.13, 2009); Sarkissian v. W. Va. Univ. Bd. of Governors, No. 05-144, 2007 WL 1308978, at *8 (N.D.W.Va. May 3, 2007). Thus, it appears that the Court should look at Plaintiff's underlying allegations to determine whether the Academy is immune from her retaliation claims.

Plaintiff alleges that the Academy retaliated against her because she requested reasonable accommodation after she was diagnosed with cancer. Thus, it appears that Plaintiff's retaliation claim is predicated on an alleged violation of Title I. As the Academy is immune from the

---

[5]Title V prohibits discrimination against an employee who opposes an "act or practice made unlawful" by the substantive provisions of the ADA. 42 U.S.C. § 12203.

underlying Title I ADA discrimination, it follows that it should be immune from Plaintiff's retaliation claims predicated on a violation of Title I. Thus, it is recommended that Defendants be granted judgment on the pleadings, in part, as to Plaintiff's second cause of action as to her claim of retaliation in violation of the ADA. It is recommended, however, that judgment on the pleadings not be granted as to Plaintiff's second cause of action as to her claim of retaliation in violation of Title VII.

## **CONCLUSION**

Based on the foregoing, it is recommended that Defendants' motion for judgment on the pleadings (Doc. 16) be granted, in part, as to Plaintiff's claims for disability discrimination in violation of the ADA (First Cause of Action) and as to her claim of retaliation in violation of the ADA (part of Second Cause of Action) and denied as to the remainder of Plaintiff's claims (retaliation in violation of Title VII and civil conspiracy).

Joseph R. McCrorey
United States Magistrate Judge

August 11, 2011
Columbia, South Carolina

5